CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
October 26, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Kayla Lokey
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| Culpeper Land Investments, LLC, | ) | |
| Plaintiff, | ) | Civil Action No. 3:26-cv-00025 |
| v. | ) | |
| | ) | MEMORANDUM OPINION & ORDER |
| Erie Insurance Company, | ) | |
| Defendant. | ) | By: Joel C. Hoppe |
| | ) | United States Magistrate Judge |

This matter is before the Court on Defendant Erie Insurance Company's ("EIC") motion to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Def.'s Mot., ECF No. 5. EIC argues that this Court does not have diversity jurisdiction over this case because both parties are citizens of Virginia. The motion has been fully briefed, ECF Nos. 6, 10, 13, and can be resolved without a hearing, Fed. R. Civ. P. 78(b), W.D. Va. Civ. R. 11(b). The Court finds that Plaintiff Culpeper Land Investments, LLC ("Culpeper") is a Virginia citizen and that Defendant EIC is a Pennsylvania citizen. 28 U.S.C. § 1332(c)(1). The parties are completely diverse. *See id.* § 1332(a). Accordingly, EIC's motion to dismiss will be denied.

## I. The Legal Framework

### *A. Rule 12(b)(1) Motion to Dismiss*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guard. Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They possess only the power granted to them "by Constitution and statute." *Id.* As the party invoking the court's authority, the plaintiff "has the burden of proving that subject matter jurisdiction exists," *Evans v. B.R. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999), based upon "the state of facts that existed at the time" it filed the action, *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004) (diversity jurisdiction). *See* Fed. R. Civ. P. 8(a)(1). A defendant's Rule 12(b)(1) motion to dismiss challenges that invocation,

"asserting, in effect, that the plaintiff lacks any 'right to be in the district court at all.'" *State Contr. Corp. v. Slone Assocs., Inc.*, 385 F. Supp. 3d 449, 457 (D. Md. 2019) (quoting *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012)). The challenge "may proceed 'in one of two ways' (1) . . . a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction; or (2) a factual challenge, asserting 'that the jurisdictional allegations of the complaint are not true.'" *MedSense, LLC v. Univ. Sys. of Md.*, 420 F. Supp. 3d 382, 389 (D. Md. 2019) (quoting *Kens v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (brackets omitted)). In a facial challenge, the facts alleged in the complaint are accepted as true, and the Rule 12(b)(1) motion must be denied if those facts are enough to invoke the district court's power to entertain the claim asserted. *See Kerns*, 585 F.3d at 192. In a factual challenge, the court "may regard the pleadings as mere evidence . . . and may consider evidence outside the pleadings," *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004), "to decide disputed issues of fact with respect to subject matter jurisdiction," *Kerns*, 585 F.3d at 192.

EIC's Rule 12(b)(1) motion to dismiss raises a factual challenge to Culpeper's allegation that EIC "is a 'Pennsylvania corporation' and therefore a resident [and citizen] of Pennsylvania" for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332. *See* Def.'s Mot. 1 ("In reality, Erie is an insurance reciprocal exchange [sic] and, for jurisdictional purposes, a resident of every state in which it has policyholders. Erie has policyholders, such as plaintiff, in Virginia.").

*B. Diversity Jurisdiction*

Federal courts have diversity "jurisdiction over 'all civil actions' with an amount in controversy exceeding $75,000 between 'citizens of different States.'" *Skidmore v. Schinke*, 171

F.4th 319, 323 (4th Cir. 2026) (quoting 28 U.S.C. § 1332(a)). If any one plaintiff and defendant are citizens of the same State, then diversity jurisdiction is lacking and the court must dismiss the case. *See id.* Ordinarily, "a corporation is 'deemed to be a citizen' only of 'any State by which it has been incorporated' and 'of the State where it has its principal place of business.'"[1] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 (2006) (quoting 28 U.S.C. § 1332(c)(1)); *see, e.g.*, *Erie Ins. Prop. & Cas. Co. v. Smith*, No. 5:05cv1137, 2006 WL 2591127, at *2 n.2 (S.D. W. Va. Sept. 8, 2006) (finding complete diversity based on complaint's allegation that "Erie is a corporation with its principal place of business in Pennsylvania"). An unincorporated entity, on the other hand, assumes "the citizenship of all its members." *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016) (cleaned up); *see, e.g.*, *James G. Davis Constr. Corp. v. Erie Ins. Exch.*, 953 F. Supp. 2d 607, 610 (D. Md. 2013) ("[A]s an unincorporated association, a reciprocal insurance exchange is considered to have the citizenship of its members for purposes of diversity in federal court." (quoting *True v. Robles*, 571 F.3d 422 n.2 (5th Cir. 2009)).

"[T]he plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder of parties." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) (cleaned up); *see* Fed. R. Civ. P. 12(b)(7), 19(a)(1). Thus, the citizenship of persons or entities whom the complaint does not name as a party, Fed. R. Civ. P. 10(a), typically is not relevant to determining whether all named plaintiffs are diverse from all named defendants. *See Connelly v. Daystar Builders, Inc.*, No. 24cv712, 2024 WL 4534509, at *4 (D. Md. Oct. 21, 2024) (declining to consider the alleged citizenship of a nonparty), *vacated*

---

[1] The ordinary rule applies "except . . . in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which the insured is not joined as a party-defendant." 28 U.S.C. § 1332(c)(1). In that case, "such insurer shall [also] be deemed a citizen of[] every State and foreign state of which the insured is a citizen." *Id.* This exception does not apply where, as here, the insured filed "suit against [its] own insurer for breach of the terms of the insurance policy." *Elliot v. Am. States Ins. Co.*, 883 F.3d 384, 395 (4th Cir. 2018).

*on other grounds*, No. 24-2148, 2025 WL 3205917 (4th Cir. Nov. 17, 2025); *Johnson v. Team Wash., Inc.*, No. TDC-21-1693, 2021 WL 4653726, at *3 (D. Md. Oct. 7, 2021) ("The Court cannot consider the citizenship of potential future parties that were not properly named as a defendants at the time of removal.").

II. Background

Culpeper filed this action against EIC in March 2026. Compl., ECF No. 1. Its complaint invokes diversity jurisdiction, 28 U.S.C. § 1332(a), on grounds that Culpeper is a resident and citizen of Virginia and EIC is a resident and citizen of Pennsylvania. Compl. 1; *see also* Civil Cover Sheet § III, ECF No. 1-1. Culpeper alleges that it is a Virginia limited liability company "with a principal place of business" in Virginia. Compl. 1. EIC "is a Pennsylvania corporation," *id.*, with its "principal place of business in another state," not Virginia, Civil Cover Sheet § III, box 5. EIC issued the insurance policy at issue to Culpeper in March 2024. Compl. 2; Compl. Ex. A, at 2, ECF No. 1-2. The Policy Declaration page states that "[c]overage [is] provided by **Erie Insurance Company**" in Erie, Pennsylvania. Compl. Ex. A, at 2 ("Erie Insurance Company NAIC Code 26263."). Culpeper alleges that EIC breached this insurance contract by failing to pay Culpeper "all of the policy benefits to which [it] is entitled" for a covered loss. Compl. 3. It seeks at least $75,000.00 in damages. *Id.* at 4.

Defendant "Erie Insurance Company ('Erie')" moved to dismiss under Rule 12(b)(1). Def.'s Mot. 1; Def.'s Br. in Supp. 1, ECF No. 6. Defendant agues that diversity is lacking because, contrary to the Complaint's allegations, "Erie [is not] a *Pennsylvania corporation* and Pennsylvania resident, *in fact Erie is a reciprocal insurance exchange*." Def.'s Br. in Supp. 2 (emphasis added). To support that assertion, Erie Insurance *Company* submitted a declaration addressing the business structure and citizenship of a separate insurance carrier, Erie Insurance

*Exchange*. Def.'s Br. in Supp. Attach. 4, Decl. of Dustin Sclater ¶¶ 4–9 (May 11, 2026), ECF No. 6-4; *cf. Egle Nursing Home, Inc. v. Erie Ins. Grp.*, 981 F. Supp. 932, 933 (D. Md. 1997) (noting that Erie Insurance Company and Erie Insurance Exchange are "two separate but related . . . . insurance carriers" organized under Pennsylvania law). "Erie Insurance Exchange is a reciprocal insurance exchange organized under" Pennsylvania law. *See* Sclater Decl. ¶ 4. Further,

> Erie Insurance Exchange is an unincorporated association. Control of a reciprocal insurance exchange such as Erie Insurance Exchange is vested in its subscribers, otherwise known as policyholders. Each policyholder of Erie Insurance Exchange enters into a Subscriber's Agreement . . . that appoints Erie Indemnity Company as the attorney-in-fact for Erie Insurance Exchange. Each policyholder is a subscriber and member of Erie Insurance Exchange.

*Id.* ¶¶ 6–9. The declaration does not address Culpeper's allegations that Defendant EIC—the company that issued the insurance policy—is a Pennsylvania corporation with its principal place of business in Erie, Pennsylvania.[2] For example, EIC presents no evidence that Culpeper was a "policyholder of Erie Insurance Exchange" under the terms of the policy at issue. *Id.* ¶ 8; *see id.* ¶¶ 3, 7–9 ; *cf. Biggs v. Erie Ins. Exch.*, No. 1:22cv50, 2022 WL 1746798, at *2–3 (M.D.N.C. May 31, 2022) (concluding that an affidavit submitted by defendant Erie Insurance Exchange, which issued the policy at issue to North Carolina citizen, established that defendant was "an

[2] Notably, EIC appears to concede that "Erie Insurance Exchange" is not a defendant to Culpeper's complaint. *See, e.g.*, *id.* ¶ 3 ("This declaration is submitted on behalf of Erie Insurance Exchange, *the proper party* in interest, in response to the Complaint filed by plaintiff on March 23, 2026." (emphasis added)). EIC also did not move to dismiss the Complaint for failure to join Erie Insurance Exchange as a party under Rule 19. *See* Fed. R. Civ. P. 12(b)(7), 19(a)(1); *cf. Egle Nursing Home*, 981 F. Supp. at 933 ("Erie Insurance Exchange issued the policy relevant to this litigation, and therefore was the proper party to sue."); *Brunson v. Erie Ins.*, No. WDQ-12-2152, 2013 WL 1316947, at *2 (D. Md. Mar. 27, 2013) ("'Erie Insurance,' a fictitious name used by several entities, is not a proper party to this suit. Cromwell's declarations page is clear that Erie Insurance Exchange is the insurer, and the correct defendant in this case."); *Smith*, 2006 WL 2951127, at *1–2 (concluding that diversity existed between "Erie Insurance Company, a Pennsylvania corporation" that issued the policy at issue, and its insured, who were West Virginia citizens); *Givens v. Erie Ins. Co.*, Civ. No. 6:22-842, 2022 WL 2759167, at *4 (D.S.C. July 14, 2022) (concluding that "Erie Insurance Company" was the only proper defendant to insured's breach of contract claim against EIC and other Erie affiliates because "the plain and unambiguous language of the Policy demonstrates that it was issued by EIC").

unincorporated reciprocal insurance exchange," which "issues insurance policies to citizens of North Carolina and that these policyholders are members of 'subscribers' of the reciprocal insurance exchange").

Nonetheless, EIC maintains that it, too, "is a reciprocal insurance exchange." Def.'s Br. in Supp. 2. "As a reciprocal insurance exchange, 'it is an unincorporated business association that is considered a citizen of each state in which its members, or policyholders, reside.'" *Id.* (quoting *Salvi v. Erie Ins. Exch.*, No. 3:12cv150, 2012 WL 1715910, at *1 (E.D. Va. May 15, 2012)). "'The issue of Erie's citizenship has been litigated in a number of district courts,'" including, "on multiple occasions," the U.S. District Court for the Eastern District of Virginia. *Id.* (quoting *Salvi*, 2012 WL 1715910, at *1); *see also id.* at 1–2 (citing *Erie Ins. Exch. v. One World Techs.*, No. 1:16cv915, 2016 WL 9176323 (E.D. Va. Oct. 3, 2016); *Janson v. Erie Ins. Co.*, No. 3:25cv469 (E.D. Va. Sept. 26, 2025), ECF No. 6-2)); Def.'s Reply 1 (citing *Early v. U.S. Dep't of Hous. & Urban Dev.*, No. 1:21cv1437, 2022 WL 2541915, at *16 n.8 (E.D. Va. July 7, 2022)). From EIC's perspective, "[t]he weight of this authority holds that Erie, as a reciprocal insurance exchange, is a citizen of each state in which its members reside." *Id.* at 2 (quoting *Salvi*, 2012 WL 1715910, at *2). Culpeper alleges that it is "domiciled in Virginia," and that Defendant EIC issued the underlying insurance policy to Culpeper. *See* Def.'s Br. in Supp. 2. So, if EIC's argument is correct, then Defendant is also a citizen of Virginia and diversity jurisdiction does not lie. *See id.* at 2–3.

Culpeper responds that its complaint names Erie Insurance *Company* as the defendant in this action because Erie Insurance Company (NAIC Code 26263) issued the policy at issue. *See* Pl.'s Br. in Opp'n 3, 5–7. "Erie Insurance *Exchange*" is a distinct business and legal entity that Culpeper did not sue. *Id.* at 6–7. Culpeper notes that EIC cites several district court decisions

finding "that Erie Insurance *Exchange* is a [citizen] of each state in which its policyholders reside," but that most of those cases did not involve Erie Insurance *Company*. *See id.* at 6 (emphasis added).[3] When "Erie Insurance *Company* is the entity" whose citizenship "is at issue," as it is here, district courts have found the "entity is a Pennsylvania corporation based in Erie, Pennsylvania." *Id.* at 7 (quoting *Connelly*, 2024 WL 4534509, at *4 ("Erie Insurance Company is a citizen of Pennsylvania and there is complete diversity between the parties.")). Culpeper also submitted evidence showing that EIC and Erie Insurance Exchange have different NAIC codes and are registered as separate entities with the Virginia State Corporation Commission's Bureau of Insurance. *Id.* at 6–7 (citing ECF Nos. 10-1, 10-2). It maintains that EIC is a "corporation" with its "principal office address" in Erie, Pennsylvania. *See id.* at 10–11 (citing ECF No. 10-6). EIC does not dispute these facts. *See* Def.'s Reply 1–2.

III. Discussion

As the master of its complaint, Culpeper named EIC as the sole defendant to this action because that entity "provided" the insurance coverage at issue. Compl. 1–2; Compl. Ex. A, at 2. "Erie Insurance Company is incorporated in Pennsylvania. [ECF No. 10-6.] Its headquarters is located in Erie, Pennsylvania." *Connelly*, 2024 WL 4534509, at *3. "Therefore, Erie Insurance Company is a citizen of Pennsylvania" under § 1332(c)(1). *Id.*; *see also Erie Ins. Co. v. Chugach McKinley, Inc.*, Civ. No. DKC-10-2795, 2010 WL 4225631, at *1 (D. Md. Oct. 26, 2010) ("Erie

---

[3] EIC cites two unpublished decisions suggesting that "the Eastern District of Virginia treats Erie *Insurance* the same as Erie Insurance Exchange." Def.'s Reply 1 (emphasis added) (citing *Early*, 2022 WL 2541915, at *16 n.8); *see* Def.'s Br. in Supp. 2–3 (citing *Janson*, No. 3:25cv469, ECF No. 6-2). The *Janson* decision relied on cases finding that Erie Insurance *Exchange* is a reciprocal insurance exchange without explaining why those cases supported the court's finding that Defendant "Erie Insurance Company" was also a reciprocal insurance exchange. *See* Pl.'s Br. in Opp'n 6 & n.1. In *Early*, "Erie Insurance *Group*" was the only Erie affiliate named as a defendant. 2022 WL 2541915, at *1 (emphasis added). That decision also did not explain why this defendant would be considered "a reciprocal insurance exchange." *See id.* at *16 n.8 (quoting *Erie Ins. Exch.*, 2016 WL 9176323, at *1).

Insurance Company . . . . is a Pennsylvania citizen" under § 1332); *Smith*, 2006 WL 2591127, at *1–2 (concluding that diversity existed between "Erie Insurance Company, a Pennsylvania corporation" that issued the policy at issue, and its insured, who were West Virginia citizens).

Erie Insurance Exchange is a "separate but related" insurance carrier also headquartered in Pennsylvania. *Egle Nursing Home*, 981 F. Supp. at 933; *see Biggs*, 2022 WL 1746798, at *2–3 (rejecting insured's argument that Erie Insurance Exchange "is only a citizen of Pennsylvania, its principal place of business" and concluding that both plaintiff and defendant were North Carolina citizens). "That entity may very well be a reciprocal insurance exchange." *Connelly*, 2024 WL 4534509, at *3 (citing cases). Here, however, nothing in the record suggests either that "Erie Insurance Company . . . is a reciprocal insurance exchange," *id.* at *4, or that Culpeper was at the relevant time a "policyholder," "member," or "subscriber" of nonparty Erie Insurance Exchange, Sclater Decl. ¶¶ 7–9. *Compare Connelly*, 2024 WL 4534509, at *3–4 (defendant EIC insured Virginia plaintiff), *and Smith*, 2006 WL 2591127, at *1–2 (defendant EIC insured West Virginia plaintiff), *with Biggs*, 2022 WL 1746798, at *2–3 (defendant Erie Insurance Exchange insured North Carolina plaintiff), *and Salvi*, 2012 WL 1715910, at *1–2 (defendant Erie Insurance Exchange insured Virigina plaintiff).

The record establishes that Culpeper is a Virginia citizen and that EIC is a Pennsylvania citizen. Accordingly, "there is complete diversity of citizenship between the parties." *Connelly*, 2024 WL 4534509, at *4. Defendant EIC's motion to dismiss, ECF No. 5, is hereby **DENIED**.

It is so ORDERED.

ENTER: October 26, 2026

Joel C. Hoppe
U.S. Magistrate Judge